UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VERNON JACKSON,

                                **Plaintiff,**

                                v.                                            9:04-CV-73
                                                                       (FJS/DRP)

CHERIE FAIRCHILD; W. PARMER, Nurse
Practitioner; G.A. GIRDICH; LESTER WRIGHT,
KIM PERREA; and JOHN DOE, Doctor,

                                **Defendants.**
_____

**APPEARANCES**                                                **OF COUNSEL**

**VERNON JACKSON**
**89-T-3864**
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                        **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff filed the complaint in this action on January 21, 2004. In his complaint, he asserts four causes of action, pursuant to 42 U.S.C. § 1983. Specifically, he claims that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth

Amendment right to be free from cruel and unusual punishment. In addition, he claims that Defendants threatened and harassed him, retaliated against him and denied him equal protection.

Defendants moved for summary judgment on the grounds that no reasonable factfinder could conclude either that Plaintiff had a serious medical need or that Defendants were deliberately indifferent to any such need. In addition, Defendants requested that the Court dismiss Plaintiff's claims against Defendants "John Doe" and Lester Wright because Plaintiff failed to identify the "John Doe" Defendant and failed to serve either the "John Doe" Defendant or Defendant Wright. Plaintiff did not file any papers in opposition to Defendants' motion despite the fact that the Court granted his request for an extension of time in which to do so. *See* Dkt. No. 37.

On March 8, 2006, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that the Court grant Defendants' motion for summary judgment and their request to dismiss the claims against Defendants "John Doe" and Wright. *See* Dkt. No. 41. Currently before the Court are Plaintiff's objections to Magistrate Judge Peebles' recommendations. *See* Dkt. No. 42.

## II. DISCUSSION

**A.    Standard of review**

The Court reviews *de novo* the portions of a magistrate judge's report-recommendation to which the parties object, *see Shabazz v. Lee*, No. 9:03-CV-1520, 2007 WL 119429, *1 (N.D.N.Y. Jan. 10, 2007) (citation omitted), and for clear error those recommendations to which the parties do not object, *see Head-Bey v. Smith*, No. 9:04-CV-191, 2007 WL 274793, *1 (N.D.N.Y. Jan.

26, 2007).

### B.    Plaintiff's Eighth Amendment deliberate indifference claim

To establish an Eighth Amendment deliberate indifference claim, a plaintiff must prove that, while he was incarcerated, he suffered unnecessary and wanton infliction of pain due to the defendants' deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  In order for a plaintiff to prove that his medical condition is sufficiently serious to rise to the level of a constitutional claim, he must show either that his medical need or the defendants' failure to treat that need presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation omitted); *see also Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000).

"The deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.' . . . Second, the charged official must act with a sufficiently culpable state of mind. . . . Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. . . ." *Id.* (internal citations omitted).  In other words, "[t]o establish deliberate indifference, the plaintiff must prove that 'the prison official knew of and disregarded the plaintiff's serious medical needs.' . . . Deliberate indifference will exist when an official 'knows the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. . . .'" *Harrison*, 219 F.3d at 137 (internal quotations and citation omitted).

Magistrate Judge Peebles found that Plaintiff's knee condition, lower back pain and

asthma did not "rise[] to a level of constitutional significance . . . ." *See* Report and Recommendation, dated March 8, 2006, at 23. Specifically, he noted that "while an asthma attack which is left untreated can constitute a serious medical need, the mere fact of having been diagnosed with asthma does not suffice to establish such a need." *See id.* (citations omitted). Since Plaintiff's medical records reflected that his "asthma was well controlled, with the aid of medication, and he suffered no asthma attacks during that period," Magistrate Judge Peebles concluded that the record would not support a finding that Plaintiff's asthma constituted a serious medical need. *See id.* at 23-24.

Likewise, Magistrate Judge Peebles found that Plaintiff's complaints of back and knee pain did not show the requisite urgency or degeneration necessary to implicate an Eighth Amendment right. *See id.* at 24. He noted that,"[d]espite the frequency with which he was seen by prison medical officials . . ., [P]laintiff did not voice a significant number of concerns regarding pain, nor did he request pain medication beyond simple Ibuprofen and similar over-the-counter medications." *See id.* Moreover, Magistrate Judge Peebles stated that, "over the entire period [P]laintiff complained to medical staff about lower back pain only three times . . . " *See id.* (citation omitted).

Furthermore, Magistrate Judge Peebles found that, "[e]ven if [P]laintiff were able to establish the existence of one or more serious medical needs," *see id.* at 25, he still would not prevail on his claim because he failed to show that Defendants were deliberately indifferent to his medical needs. Specifically, he found that Defendant Girdich was entitled to summary judgment because Plaintiff's complaint of deliberate indifference against him was based on his failure to grant Plaintiff's request to be transferred to another facility. *See id.* at 26 (citations omitted).

Magistrate Judge Peebles reasoned that, because prisoners "have no constitutional right to be housed in any particular facility," a "denial of such a request does not give rise to a cognizable cause of action . . . ." *See id.* (citations omitted).

In addition, Magistrate Judge Peebles found that the record failed to disclose that Defendant Fairchild was deliberately indifferent to Plaintiff's medical condition. *See id.* at 27. Rather, the record reflected that Defendant Fairchild attempted to assess and to advise Plaintiff about how to care for his medical condition despite the fact that Plaintiff threatened her and prevented her from completing her examination. *See id.* at 27 (citation omitted).

With regard to Defendant Parmer, Magistrate Judge Peebles concluded that no reasonable factfinder could find that she was deliberately indifferent to Plaintiff's medical condition. *See id.* at 28. To the contrary, the record showed that Defendant Parmer advised Plaintiff that he could "use his cane for walking significant distances, but that his knee brace would be stored with his other property." *See id.* (citation omitted). Moreover, Magistrate Judge Peebles noted that Plaintiff refused to accept Defendant Parmer's suggested orthopedic consultation. *See id.* (citation omitted).

Finally, Magistrate Judge Peebles found that Plaintiff's assertions against Defendant Perrea were insufficient to inculpate Defendant Perrea in any alleged deliberate indifference. *See id.* at 29. He noted that the record reflected that Defendant Perrea had very limited contact with Plaintiff and simply removed a dressing from Plaintiff's back after surgery, visited him to get his signature on an orthopedic consultation form, and prescribed "Sudafed and Ibuprofen [to Plaintiff] for his complaints of a headache and sinus congestion . . . ." *See id.* (citations omitted).

Plaintiff objects to Magistrate Judge Peebles' recommendation that the Court should grant

Defendants' motion for summary judgment with respect to his Eighth Amendment deliberate indifference claim. Plaintiff asserts that Magistrate Judge Peebles denied him the ability to submit documents as evidence to support his claims. *See* Plaintiff's Objections at ¶ 3. In addition, Plaintiff contends that, after having the opportunity to review such documents and listen to the testimony of medical experts, a reasonable factfinder would conclude that Defendants violated his right to adequate medical treatment under the law and the guidelines governing people with a disability. *See id.* at ¶ 6. Specifically, Plaintiff contends that he has documentary evidence to show that Defendants' taking of his knee brace and cane, in addition to their placement of him in a non-handicapped cell, without any support, was not the normal policy and procedure at Upstate SHU. *See id.* at ¶ 7. Finally, Plaintiff argues that, because Defendants did not want to remove him from his cell twice a day for his asthma treatments, they put him at risk to suffer an asthma attack by discontinuing his nebulizer treatments. *See id.*

As a preliminary matter, Plaintiff's argument that Magistrate Judge Peebles refused to allow him to submit documents that would support his claim is without merit. The Court's docket shows that, to the contrary, Magistrate Judge Peebles advised Plaintiff that, if Defendants filed a motion for summary judgment, he could file those documents in opposition to that motion. *See* Dkt. No. 22. Plaintiff, however, chose not to file any papers in opposition to Defendants' motion.

Moreover, Plaintiff did not present any evidence, either in his complaint or in his objections to Magistrate Judge Peebles' recommendations, to show that Defendants refused to treat him or that there was a degeneration in his medical condition. In fact, as noted, Plaintiff did not suffer any asthma attacks during the entire period that his nebulizer treatments were

discontinued. Although Plaintiff claimed that he suffered from pain while in Defendants' care, the record does not reflect that this pain was severe enough to constitute a serious medical condition for Eighth Amendment purposes; in fact, the record indicates that Plaintiff refused some of the medical attention that Defendants offered to him, for example, an orthopedic consultation and full examinations.

Accordingly, for all of these reasons, the Court adopts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment deliberate indifference claim.

### C. Plaintiff's claims of verbal threats and harassment

"It is well established that, '"[m]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."'" *Alnutt v. Cleary*, 913 F. Supp. 160, 165 (W.D.N.Y. 1996) (quotation omitted). Noting that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse," *see* Report and Recommendation at 30 (citation omitted), Magistrate Judge Peebles recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's claim that Defendants threatened him and harassed him. *See id.* at 30-31 (citation omitted).

Plaintiff objects to Magistrate Judge Peebles' recommendation that Defendants are entitled to summary judgment on this claim because Defendants threatened his life if he did not remove Defendant Fairchild from this lawsuit. *See* Plaintiff's Objections at ¶11.

Plaintiff's objection fails to address the critical issue, which is that verbal harassment, standing alone, does not rise to the level of a constitutional violation. *See Alnutt*, 913 F. Supp. at

165 (citations omitted). Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's claims of verbal threats and harassment.

**D.     Plaintiff's First Amendment retaliation claim**

To establish a First Amendment retaliation claim against the defendants, a plaintiff must prove "non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001) (citations omitted), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Magistrate Judge Peebles recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's First Amendment retaliation claim because his allegations were conclusory and the record was devoid of any evidence to establish a nexus between a protected activity and the adverse actions about which Plaintiff complains. *See* Report and Recommendation at 32.

Plaintiff does not object to this recommendation. A review of the record demonstrates that Magistrate Judge Peebles' conclusion was neither contrary to law nor clearly erroneous. Accordingly, the Court adopts his recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's First Amendment retaliation claim.

E.   **Plaintiff's equal protection claim**

To establish an equal protection claim against the defendants, a plaintiff must prove "purposeful discrimination . . . directed at an identifiable or suspect class. . . ." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (internal citations omitted).  In addition, a plaintiff "must show that the disparity in treatment cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not 'reasonably related to [any] legitimate penological interests.'" *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005 (quotation omitted).

Magistrate Judge Peebles recommended that this Court dismiss Plaintiff's equal protection claim because he "failed to offer any evidence that he was treated differently than other inmates at Upstate because of intentional discrimination directed at an identifiable class . . . ." *See* Report and Recommendation at 33.

Plaintiff does not object to this recommendation.  A review of the record demonstrates that Magistrate Judge Peebles' conclusion was neither contrary to law nor clearly erroneous. Accordingly, the Court adopts his recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's equal protection claim.

F.   **Plaintiff's claims against Defendant "John Doe" and Defendant Lester Wright**

"[W]hen a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94

F.3d 217, 219 (6th Cir. 1996) (citations omitted). However, "'a plaintiff may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy *any apparent service defects of which a plaintiff has knowledge*.'" *VanDiver v. Martin*, 304 F. Supp. 2d 934, 940 (E.D. Mich. 2004) (quotation omitted).

Magistrate Judge Peebles recommended that this Court dismiss Plaintiff's claims against Defendants "John Doe" and Wright without prejudice because the Court lacks jurisdiction over them due to Plaintiff's failure to serve them within the required time period. *See* Report and Recommendation at 14 (citation omitted). He reasoned that, although Plaintiff is entitled to some leniency with regard to Rule 4(m)'s service requirement due to his *pro se* status, he is still responsible for serving all Defendants with process. *See* Report and Recommendation at 12-13 (citations omitted). He also noted that the Court advised Plaintiff "'that the U.S. Marshals cannot effect service on a "John Doe" defendant.'" *See id.* at 14 (quotation omitted). Furthermore, the Court explained to Plaintiff the consequences of his failure to serve these two Defendants. *See id.* Based upon these facts, Magistrate Judge Peebles concluded that Plaintiff should have been reasonably aware of the failure of service. *See id.* at 13.

Plaintiff objects to Magistrate Judge Peebles' recommendation on the ground that the Court should not hold the service errors against him because he followed the proper procedure and it was not his fault that the U.S. Marshal's Service did not serve these Defendants. *See* Plaintiff's Objections at ¶9.

Plaintiff's objection is without merit. Although the U.S. Marshal's Service is required to serve Defendants because Plaintiff is proceeding *in forma pauperis*, Plaintiff must also identify,

-10-

with some specificity, the individuals whom he wants the Marshal's Service to serve. *See Byrd*, 94 F.3d at 219. Plaintiff's designation of a defendant as "John Doe" does not meet this burden. *See id.* Furthermore, although the Court informed Plaintiff about why the Marshal was unable to to serve Defendants "Doe" and Wright and further explained to Plaintiff the consequences of failing to serve these Defendants, Plaintiff did not take any steps to remedy the situation. Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and dismisses Plaintiff's claims against Defendants "John Doe" and Lester Wright without prejudice.

### III. CONCLUSION

After reviewing Magistrate Judge Peebles' March 8, 2006 Report and Recommendation, Plaintiff's objections thereto, the relevant parts of the record and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' March 8, 2006 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgement is **GRANTED** with respect to all of Plaintiff's claims against Defendants Fairchild, Parmer, Girdich, and Perrea; and the Court further

**ORDERS** that Defendants' request to dismiss Plaintiff's claims against Defendants "John Doe" and Lester Wright because Plaintiff did not effect service of process on them is **GRANTED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgement and close this case..

**IT IS SO ORDERED.**

Dated: March 12, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge